UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tristan K. Eastman; Jesse Royal Tapio; and Tyson James Sargent,<br><br>Plaintiffs,<br><br>v.<br><br>Minnesota Correctional Facility; Associate Warden Amy Westpal; and Chaplin Swagger,<br><br>Defendants. | Case No. 21-CV-1954 (JRT/KMM)<br><br>**ORDER and REPORT AND RECOMMENDATION** |

This lawsuit was initiated by three Minnesota inmates alleging infringements by prison officials upon the right to practice their religion. The plaintiffs did not pay the filing fee. Plaintiff Tristan K. Eastman applied for *in forma pauperis* ("IFP") status, while the other plaintiffs did not.

The Court informed the plaintiffs that this would not work. *See* ECF No. 3. Mr. Eastman could proceed IFP only if each of the plaintiffs was eligible for IFP status; without IFP applications from the other two litigants, the Court could not know whether those litigants were eligible to proceed IFP. On September 9, 2021, the two noncompliant plaintiffs were ordered to submit IFP applications within 30 days, failing which it would be recommended that they be dismissed without prejudice for failure to prosecute. The plaintiffs were also warned that each plaintiff

1

individually would be responsible for payment of an initial partial filing fee if they intended to litigate this matter, regardless of whether they qualified for IFP status. *See* 28 U.S.C. § 1915(b). Mr. Eastman's initial partial filing fee was calculated to be $67.92 based on the information supplied in his IFP application; the initial partial filing fees of the other two plaintiffs could not be calculated because those plaintiffs did not submit financial documentation.

Mr. Eastman, acting alone, has now filed a motion to amend the complaint. *See* ECF No. 6. The proposed amended complaint is substantively similar to the original complaint, but only Mr. Eastman is named as a plaintiff in the new pleading. *See* ECF No. 6-2 at 1. Neither of the two other plaintiffs has signed the motion to amend or indicated any willingness to voluntarily dismiss themselves from this action, which the proposed amended complaint would effectively accomplish by omitting their names. By the same token, though, neither has either of the two other plaintiffs has revealed any intent to prosecute this action further. Neither has submitted an IFP application despite this Court's earlier order, nor have they signed any document submitted in this matter other than the addendum to the initial pleading, in which the two are listed as "additional plaintiffs" (without further elaboration) on the final page. *See* ECF No. 1-1 at 6.

Ordinarily, a motion to amend the complaint would not be necessary in this circumstance, because Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend their complaint once as a matter of course during the initial stages of a

proceeding with no leave of the court required. But Rule 11(a) of the Federal Rules of Civil Procedure requires each party (when unrepresented by counsel) to sign pleadings, motions, and other documents submitted to the court on their behalf. *See also Smith v. Bond County Jail*, No. 17-CV-006 (JPG), 2017 WL 446967, at *3 (S.D. Ill. Feb. 2, 2017) (citing *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004)). It is therefore doubtful that the proposed amended complaint signed only by Mr. Eastman is effective — or that this Court can grant the motion to amend the complaint, which was also signed only by Mr. Eastman — so long as the other two plaintiffs remain a part of this litigation.

The current procedural knot will be untangled as follows: The deadline previously set by this Court for the two other plaintiffs to submit IFP applications has now passed, and neither plaintiff has done so. Accordingly, this Court now recommends, in accordance with its prior order, that those plaintiffs be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Should that recommendation of dismissal be adopted, this Court intends to grant Mr. Eastman's motion to amend the complaint and adopt the proposed amended complaint [ECF No. 6-2] as the operative pleading in this matter.

In the meantime, Mr. Eastman has not yet paid the $67.92 initial partial filing fee previously assessed upon him. He must do so within 28 days of the date of this order, failing which he, too, will be recommended dismissed without prejudice from this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that plaintiffs Jesse Royal Tapio and Tyson James Sargent be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

## ORDER

Further, IT IS HEREBY ORDERED THAT plaintiff Tristan K. Eastman must submit an initial partial filing fee of $67.92 within 28 days of the date of this order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Date: October 20, 2021    *s/ Katherine Menendez*
                          Katherine Menendez
                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).