## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tristan K. Eastman,

      Plaintiff,

v.

Minnesota Correctional Facility;
Amy Westphal; Chaplain Swagger; and
Minnesota Department of Corrections,

      Defendants.

Case No. 21-cv-1954 (JRT/DTS)

**ORDER &**
**REPORT & RECOMMENDATION**

Plaintiff Tristan Eastman brought a motion for default judgment [Dkt. No. 29] followed by a motion to amend his Amended Complaint [Dkt. No. 32]. For the reasons stated below, the Court recommends that his motion for default be denied. The Court defers ruling on Eastman's motion to amend, pending his submission of a revised proposed Second Amended Complaint.

## I.    Motion for Default Judgment, Compensatory and Injunctive Relief

On January 26, 2022 Defendants filed their Answer to Amended Complaint and served it by U.S. mail on Eastman. Dkt. No. 27 (Answer) & No. 28 (Certificate of Service). On January 27, 2022 Eastman signed a motion for a default judgment pursuant to Rule 55 and mailed it to the Court, which received and docketed it on January 31, 2022. Dkt. No. 29 (Motion) & No. 29-1 (envelope showing postmark and date of receipt by the Court). Eastman's motion was based on Defendants' alleged failure to answer his Amended Complaint. *See* Dkt. No. 29. He also requested compensatory and injunctive relief and all

costs associated with his lawsuit, in the event his request for default were granted. *Id.* Defendants opposed the motion because they filed a timely Answer. Dkt. No. 31.

It appears from the record that Defendants' Answer and Eastman's motion crossed in the mail. The record also shows the Answer was timely filed. Thus, the Court recommends that Eastman's motion for default judgment be denied.

## II.    Motion to Amend the Amended Complaint

On January 30, 2022, three days after his motion for default judgment, Eastman moved to amend his Amended Complaint. Dkt. No. 32. He seeks to dismiss two Defendants, the Minnesota Correctional Facility and the Minnesota Department of Corrections, and to add factual allegations to support his claims against the remaining two Defendants. *Id.* Defendants do not oppose those two changes, but they oppose his proposed second amended pleading because (1) Eastman did not include a redlined pleading or document that shows his proposed changes to the Amended Complaint, as required by District of Minnesota Local Rule 15.1(b); and (2) his proposed amended complaint violates Rule 8 of the Federal Rules of Civil Procedure because it fails to identify what claims or causes of action he is bringing against the two remaining Defendants. Dkt. No. 35.

The Court agrees that Eastman's proposed Second Amended Complaint [Dkt. No. 32-1] is inadequate under Rule 8 because it does not identify which statutory or constitutional claim(s) he is asserting against which Defendant(s) with respect to their specific actions or failure to act. Eastman's motion states that, in preparing his proposed second amended pleading, he "remov[ed] legal conclusions in [the] statement of claim." Dkt. No. 32. In doing so, however, he also removed from his entire complaint any mention

2

of any statute or constitutional provision under which either Defendant is allegedly liable. *Compare* Amended Complaint [Dkt. No. 14] *with* Proposed Second Amended Complaint [Dkt. No. 32-1]. Defendants therefore do not have adequate notice of the precise claim(s) against them.[1]

The Court will provide Eastman the opportunity to cure this pleading deficiency by submitting a revised proposed Second Amended Complaint. The revised proposed pleading must state which Defendant (of the remaining two Defendants) engaged in which specific actions (or failure to act) and identify which law was allegedly violated by such actions (or failure to act).[2] If Eastman fails to submit a revised proposed Second Amended Complaint, the Court will deny the pending motion to amend. If he submits a revised pleading consistent with this Order, the Court will give Defendants an opportunity to advise the Court whether they oppose his motion to amend in light of the revised proposed pleading. The Court will then rule on the pending motion.

### ORDER

For the reasons stated in Section II above, IT IS HEREBY ORDERED:

1.      The Court defers ruling on Plaintiff Tristan Eastman's Motion to Amend [Dkt. No. 32].

---

[1] In his proposed amended pleading, Eastman appropriately deleted the lengthy, bare "lists" of constitutional and statutory provisions that appear in his Amended Complaint. Such lists, standing alone, are insufficient to provide a "short and plain statement of the claim," as required by Rule 8. But Eastman must connect his factual allegations against each Defendant to a claim under a specific provision of law. For example, he must clarify whether he alleges a violation of the First Amendment's free exercise clause, or equal protection, or the RLUIPA, the RFRA, etc.

[2] The Court will not require Eastman to comply with Local Rule 15.1(b), as it is not practical to do so here given his incarcerated status. Thus, he need not provide a redlined comparison document.

2.      **No later than April 22, 2022** Plaintiff shall file with the Court a revised proposed Second Amended Complaint consistent with the above discussion in this Order. Specifically, it shall state which Defendant allegedly engaged in which specific actions (or failure to act) and identify which law was allegedly violated by such actions (or failure to act). If Plaintiff fails to do so, the Court will deny the pending motion to amend.

3.      **No later than 21 days** after Plaintiff has filed the revised proposed pleading described in paragraph 2, Defendants may file a supplemental response to Plaintiff's motion to amend in light of the revised proposed pleading. The Court will then rule on the pending motion.

## REPORT AND RECOMMENDATION

For the reasons stated in Section I above, the Court RECOMMENDS THAT Plaintiff Tristan Eastman's Motion for Default Judgment, Compensatory and Injunctive Relief [Dkt. No. 29] be **DENIED**.

Dated: April 1, 2022                     __s/David T. Schultz_____
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

## NOTICE

**Filing Objections:** The above Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).